# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **LESTER WALLACE,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:04-cv-78 (HL) |
| : | |
| **GEORGIA DEPARTMENT OF** : | |
| **TRANSPORTATION,** : | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

Before the Court is a Motion for Reconsideration (Doc. # 71) filed by Plaintiff Lester Wallace ("Wallace"). For the reasons set forth below, the Motion is denied.

## I.     PROCEDURAL HISTORY

On August 23, 2005, the Court issued an Order granting Defendant Georgia Department of Transportation's ("GDOT") Motion for Summary Judgment in part and denying it in part and denying Wallace's Motion for Summary Judgment. (Doc. # 60.) In that same Order, the Court gave GDOT leave to refile a motion for summary judgment within 30 days regarding Wallace's claims that GDOT (1) subjected him to a racially hostile work environment and (2) subjected him to discrimination pursuant to the Americans with Disabilities Act ("ADA"). (Id. at 33-34.) As a result, GDOT filed a timely Motion for Partial Summary Judgment (Doc. # 66) in which it moved that Wallace's hostile work

1

environment and ADA claims be dismissed. In addition, on September 9, 2005, GDOT filed a Motion for Partial Reconsideration of the Court's August 23, 2005 Order (Doc. # 65), arguing that the Court had made a legal error by not dismissing Wallace's claim for disparate treatment in discipline under Title VII in its previous Order. Wallace failed to file a response to either motion.

On May 23, 2006, the Court entered an Order (Doc. # 69) granting GDOT's Motion for Partial Summary Judgment (Doc. # 66) and a Motion for Partial Reconsideration of the Court's August 23, 2005 Order (Doc. # 65). In the present Motion, Wallace primarily addresses two complaints he has with the Court's May 23, 2006 Order. First, Wallace contends the Court granted GDOT leave to file additional motions with the Court but did not grant Wallace similar leave to respond to these motions. (Doc. # 71 at 1.) Second, Wallace asks the Court to reconsider its decision that the written reprimand in question in this case does not constitute an adverse employment action. (Id. at 2.) In support of his request, Wallace informs the Court that he has unsuccessfully applied for 12 jobs/promotions since the reprimand was placed in his personnel file, a point which Wallace believes constitutes proof that the reprimand has and will affect his future employment advancement. (Id.)

**II.   ANALYSIS**

    **A.   Leave to File**

As noted above, in September 2005, GDOT filed two motions—a Motion for Partial Summary Judgment (Doc. # 66) and a Motion for Partial Reconsideration of the Court's August 23, 2005 Order (Doc. # 65). Wallace failed to file a response to either motion,

despite receiving proper notice of both.  On May 23, 2006, the Court granted both Motions. (Doc. # 69.)  Wallace now challenges the Court's May 23, 2006 Order, claiming that he did not respond to the foregoing Motions because the Court did not grant him leave to do so.

Despite Wallace's assertions, the Court did not grant GDOT exclusive leave to file these Motions while prohibiting his filing of responses.  Rather, the Court granted GDOT leave to refile a motion for summary judgment to address two issues (Doc. # 60 at 26, 33-34), and GDOT filed such a Motion.  Once GDOT did so, Wallace was on notice to file a response, should he so desire, just as notices of previously filed motions had prompted him to respond in the past.[1]  Similarly, once GDOT filed its Motion for Reconsideration[2] and served Wallace with notice that it had done so, it was Wallace's responsibility to file a response, if he so wished.

The United States Court of Appeals for the Eleventh Circuit has repeatedly held that courts should be careful to ensure any rights a pro se litigant may have are not extinguished merely because the litigant fails to "appreciate the subtleties of modern motion practice." Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (vacating a district court judgment based on the finding that a pro se litigant was not given proper notice).  However, while the Court is cognizant of Wallace's status as a pro se litigant, it is equally confident

---

[1] Wallace filed a timely Response (Doc. # 52) to GDOT's Motion for Summary Judgment (Doc. # 49).  When GDOT filed a Motion for Miscellaneous Relief (Doc. # 53), Wallace filed a timely Response (Doc. # 55).

[2] The Court further notes it did not grant GDOT leave to file this Motion for Reconsideration or invite its filing.  GDOT simply filed the Motion of its own volition.

3

this is not a situation wherein his failure to respond to motions should be excused solely for that reason. Throughout this case, upon service of a motion or an order, Wallace properly and timely filed a response, thereby evidencing his comprehension of motions practice. The Court disagrees with Wallace that an "injustice" has occurred which must be addressed, and rejects his Motion as unpersuasive on such grounds.

> **B.    Adverse Employment Action**

Wallace also takes the opportunity in his Motion for Reconsideration to try and restate his case that the written reprimand he received was, in fact, an adverse employment action. In support of his position, he tenders numerous arguments about why the job performance memoranda he received constitutes an actionable form of adverse action, and submits ten applications for employment/promotion and one letter of rejection.[3]  However, reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and

---

[3] Wallace states elsewhere in his Motion that he has actually applied for and been rejected for twelve jobs/promotions since the written reprimand was placed in his personnel file. (Doc. # 71 at 2.)

4

reconsideration at a litigant's pleasure." <u>Am. Ass'n of People with Disabilities v. Hood</u>, 278 F. Supp. 2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted).

Here, Wallace is simply asking the Court to revise its May 23, 2006 Order based on arguments the Court has already considered and rejected, while simultaneously seeking to introduce, for the first time, evidence that was available when the original order was entered.[4] Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly. <u>See, e.g.</u>, <u>id.</u> at 1339-40. Wallace's Motion for Reconsideration illuminates no need for an extraordinary remedy and is rejected accordingly.[5]

## III. CONCLUSION

Plaintiff's Motion for Reconsideration (Doc. # 71) is denied.[6]

---

[4] The Court recognizes Wallace could not have submitted evidence of all of these applications and rejections in his own Motion for Summary Judgement, or in response to GDOT's Motion for Summary Judgement, because some of them are quite recent. However, at least five of these applications occurred before Wallace filed his Response to GDOT's Motion for Summary Judgment on July 6, 2004. (See Doc. # 71, applications of 9/24/03, 10/9/03, 12/18/03, 3/26/04, 5/6/04.) These applications could have been, but were not, previously submitted by Wallace.

[5] By contrast, GDOT's Motion for Reconsideration asserted the Court had made a clear error of law when it failed to consider whether Wallace had produced any evidence that he had suffered an adverse employment action during the Court's initial consideration of the Parties' Motions for Summary Judgment. Because the Court had, in fact, failed to engage in this necessary consideration, it was proper for the Court to do so for the first time in its Motion for Reconsideration. The distinction between the Parties' two Motions for Reconsideration lies in the point that GDOT asked the Court to consider a point of law it should have but failed to consider earlier—Wallace asks the Court to reconsider a decision it has already made based on old arguments and evidence he should have previously submitted.

[6] Finally, the Court notes Local Rule 7.6 for the United States District Court for the Middle District of Georgia specifies that "Parties and attorneys for the parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration." To the extent that Wallace has raised the complaint that he was unaware he could respond to GDOT's Motion for Reconsideration, the Court shall not construe the present Motion as improper under Local Rule 7.6,

**SO ORDERED**, this the 6th day of June, 2006.

                                            **S/    Hugh Lawson**
                                            **HUGH LAWSON, JUDGE**

pdl

---

since Wallace is essentially complaining about the initial Reconsideration process. While unavailing, this argument is nonetheless permissible. However, to the extent that Wallace attempts to challenge the Court's actual grant of GDOT's prior Motion for Reconsideration, his Motion for Reconsideration is improper, per Local Rule 7.6. Wallace's Motion for Reconsideration is denied on this alternative ground.