IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **LESTER WALLACE,** :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>:<br>**GEORGIA DEPARTMENT OF** :<br>**TRANSPORTATION,** :<br>:<br>    Defendant. :<br>_____ | Civil Action No. 7:04-cv-78 (HL) |

## **ORDER**

Before the Court is a Motion for Permission to Appeal In Forma Pauperis (Doc. # 77) filed by Plaintiff Lester Wallace ("Wallace"), as well as Wallace's Supplemental Report (Doc. # 79), which he filed in response to the Court's Order (Doc. # 78). In these documents, Wallace asserts that he is in bankruptcy, just as he was when he initially filed the present lawsuit, and provides information about his current bankruptcy proceedings. Therefore, Wallace claims he is entitled to proceed in forma pauperis to appeal the Court's August 23, 2005 and May 23, 2006 Orders dismissing his case.

Federal Rule of Appellate Procedure 24(a)(3) dictates that a party who was permitted to proceed in forma pauperis in a district court action may proceed on appeal in forma pauperis without further authorization unless (A) the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed in forma pauperis

1

and states in writing its reasons for the certification or finding; or (B) a statute provides otherwise. A United States Magistrate Judge previously granted Wallace's Motion to Proceed In Forma Pauperis in the underlying action. (Doc. # 47 at 247-250.) Therefore, the Court must allow Wallace to pursue his appeal in forma pauperis unless it finds one of the aforementioned exceptions apply.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." (2000). In determining whether an appeal is taken in good faith, courts measure good faith by an objective standard. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is in good faith if a reasonable person could find some merit in the claim. Id. Otherwise, an application to appeal in forma pauperis will be denied if the appeal cannot succeed as a matter of law. Id. Here, the Court concludes a reasonable person could find some merit in Wallace's claim, and finds Wallace's appeal is in good faith.

After consideration of Wallace's affidavit of indigency and the supplemental information he has provided, the Court finds Wallace cannot prepay the docket fees of his appeal or post a bond for them. Therefore, Wallace's financial circumstances entitle him to pauper status, and the Court has not found any other reason why he would be unentitled to proceed in forma pauperis. Finally, the Court is unaware of any statute that would bar Wallace from proceeding in forma pauperis.

Accordingly, Wallace's Motion for Permission to Appeal In Forma Pauperis (Doc. # 77) is granted.

**SO ORDERED**, this the 6th day of July, 2006.

                                            **s/      Hugh Lawson**
                                            **HUGH LAWSON, JUDGE**

pdl